## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE ST. THOMAS, | ) | Case No. 5:24-cv-2065 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| POST 67 OHIO STATE HIGHWAY | ) | |
| PATROL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>OPINION AND ORDER</u>

Plaintiff filed this action against Post 67 of the Ohio State Highway Patrol and three of its officers. The complaint is difficult to understand and contains no factual allegations. In its entirety, his Statement of Claim reads:

> On 10/2/2024 an affidavit of truth and notice of liability was mail [*sic*] via certified mail to Ohio State Highway Patrol Post 67, they refused to rebuttal [*sic*] the facts and therefore my affidavit stands as truth, on 10/13/2024. A true bill and invoice was sent to Ohio State Highway Patorl Post 67 along with an [*sic*] default judgment that was never rebuttal [*sic*].

(ECF No. 1, PageID #4.) He indicates he is seeking relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g, and requests specific performance and monetary damages.

Plaintiff also filed an application to proceed *in forma pauperis* (ECF No. 2). However, he did not attempt sincerely to complete the application, and wrote "0" or "N/A" in all of the blanks on the form. He provided no information on his income, assets, or expenses. He indicated that he "would like to use [his] exemption HSR 19

Public Law 73-10" and offered to "write up a private registered set off bond or bill of exchange."  (*Id.*, PageID #22.)

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement of any action without prepayment of filing fees if the litigant submits an affidavit that includes a statement of all assets, income and debt that demonstrates the person is unable to pay the filing fee.  28 U.S.C. § 1915(a)(1).  Pauper status does not require absolute destitution.  *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001).  Instead, the Court must examine the affidavit and determine whether the litigant can pay the court costs without undue hardship. *Foster*, 21 Fed. Appx. at 240.  It is within the Court's discretion to allow a litigant to proceed *in forma pauperis*.  *Id*.  Proceeding *in forma pauperis* is a privilege, and not a right.  *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

Here, Plaintiff did not attempt to complete the form or provide the Court with any information regarding his assets, income, and expenses.  Without that information, the Court has no basis on which to grant the application.

Moreover, the form contains an affidavit, which Plaintiff signed, that states, "I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismisal of my claims."  (ECF No. 2, PageID #18.)  On his complaint, he lists an address suggesting he has a residence, a telephone number, and an email address.  These representations are inconsistent with his statement on his application that he has no rent or mortgage payment, no utility payments (including cellular telephones), and no transportation expenses.  He

indicates that he has no income but also states that he is not receiving public assistance or assistance from a private source.  At best, he did not demonstrate an inability to pay the filing fee.  Viewed less generously, he did not complete the application truthfully.

Accordingly, the Court **DENIES** Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and **DISMISSES** this action **WITHOUT PREJUDICE**. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.  Plaintiff may reopen this case within thirty (30) days of the date of this Order by first paying the full filing fee of $405.00 and then filing a motion to reopen.  The Court will not accept additional documents for filing in this case, including a motion to reopen or a motion for reconsideration, unless and until the full filing fee is paid to the Court's satisfaction.  Further, the filing fee must be paid by check made payable to the United States District Court for the Northern District of Ohio.  The Court does not accept bills of exchange, or private registered set off bonds as payment for filing fees.

**SO ORDERED.**

Dated:  February 14, 2025

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio

3